■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARD J. BRINKMAN, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Queens County, August 30, 1955.  On June 9, 1955 appellant was found guilty by a jury of conspiracy to defraud the City of New York (count 1), of presenting fraudulent claims to public officers for payment in violation of section 1872 of the Penal Law (counts 2 through 7), of obtaining the proceeds of such claims in violation of section 1864 of the Penal Law (counts 8 through 12), of attempting to obtain such proceeds (count 13), of auditing fraudulent claims in violation of section 1863 of the Penal Law (counts 14 through 19), of accepting unlawful fees in violation of section 1826 of the Penal Law (count 20), of receiving a bribe in violation of section 1823 of the Penal Law (count 22), and of making false reports in violation of section 901 of the New York City Charter (counts 28 through 31). The indictment contained 31 counts against appellant and others. Appellant was found guilty of 25 of the 30 counts in which he was named, and the other 5 counts were dismissed by the court during the trial. On August 30, 1955 appellant was sentenced to serve, in the New York City Penitentiary, 1 year on count 1 and 1 year on each of counts 28 through 31, and to serve, in a State prison, 3 to 5 years on each of counts 2 through 7; 3 to 5 years on each of counts 8 through 12; 1½ to 2½ years on count 13; 2½ to 5 years on each of counts 14 through 19, and 3 to 5 years on count 22. Pursuant to section 1938 of the Penal Law no sentence was imposed on count 20. The sentences were

to be served concurrently. Judgment insofar as it convicts appellant of receiving a bribe (*count 22*) *reversed upon the law and the facts, and said count of the indictment dismissed.* Judgment insofar as it convicts appellant on counts 1 through 19, and 28 through 31 affirmed. In our opinion, except for the crime of receiving a bribe (count 22), the verdict of the jury is amply supported by the credible evidence. With respect to count 22, it is our opinion that the evidence is insufficient to establish beyond a reasonable doubt appellant's guilt of said crime. We have examined the numerous errors claimed to have been made throughout the trial and during the court's charge, and we conclude that none of them presents reversible error. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs in the affirmance of the judgment insofar as it convicts appellant on counts 1 through 19, and 28 through 31, but dissents from the reversal of the judgment insofar as it convicts appellant on count 22 and from the dismissal of that count of the indictment, and votes to affirm the judgment insofar as it convicts appellant of that count, with the following memorandum: In my opinion the evidence is sufficient to establish the appellant's guilt beyond a reasonable doubt with respect to all the counts upon which the jury found him guilty.